**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-60316**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ANDREW L. DEXTER, also known as "Toby",**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Northern District of Mississippi**
**(1:99-CR-72-ALL-D)**

December 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Andrew L. Dexter appeals his jury-trial conviction and sentence for making false statements while applying for Farmers Home Administration (FHA) loan servicing in 1993 (to obtain a write-down against his FHA loans), in violation of 18 U.S.C. § 1014. He first maintains the district court erred in admitting into evidence the 1989 write-down of his FHA loans as proof of intent, under FED. R. EVID. 404(b).

The evidence of the 1989 write-down was properly admitted under Rule 404(b). The Government was required to prove Dexter made his false statements for the purpose of influencing the FHA.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

That Dexter had obtained a write-down in 1989 evidenced familiarity with the loan-servicing process and awareness that omission of liabilities by a borrower has the capacity to influence FHA write-down decisions. Thus, the 1989 write-down was relevant to Dexter's intent and lack of mistake in omitting/concealing liabilities in 1993 in seeking another write-down. *See **United States v. Beechum***, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920 (1979). The probative value of that evidence was not substantially outweighed by any prejudice to Dexter, *see **id.***, especially in the light of the district court's limiting instruction. There was no abuse of discretion. *See **United States v. Carrillo***, 20 F.3d 617, 619 (5th Cir.), *cert. denied*, 513 U.S. 901 (1994).

Dexter also contends that, under ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), the amount of loss attributable to him was an essential element of his offense and therefore should have been submitted to a jury and proved beyond a reasonable doubt. ***Apprendi*** requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt". ***Apprendi***, 530 U.S. at 490. The statutory maximum for a violation of 18 U.S.C. § 1014 is 30 years. *See* 18 U.S.C. § 1014. Dexter's 12-month and one-day sentence does not violate ***Apprendi***, as it is well below the statutory maximum.

***AFFIRMED***